IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA MUSLIM VOTER PROJECT and ASIAN-AMERICANS ADVANCING JUSTICE-ATLANTA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN KEMP, in his official capacity as the Secretary of State of Georgia; and GWINNETT COUNTY BOARD OF VOTER REGISTRATION AND ELECTIONS, on behalf of itself and similarly situated boards of registrars in all 159 counties in Georgia,<br><br>    Defendants. | Civil Action No.: 1:18-cv-04789-LMM |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs seek emergency relief to stop an ongoing constitutional train wreck that threatens to disenfranchise potentially hundreds, if not thousands, of voters casting absentee ballots leading up to this year's November 2018 general election. In the alternative, Plaintiffs respectfully request an immediate hearing. The relief should be granted for the reasons set forth in Plaintiffs' accompanying memorandum of law.

1

"No right is more precious in a free country than having a voice in the election of those who make the laws under which, as good citizens, we must live." *Reynolds v. Sims*, 377 U.S. 533, 560 (1964). But, in Georgia, this sacred right can be stripped from certain voters without constitutionally mandated due process. Georgia law requires county elections officials, lay people not handwriting experts, to reject an absentee ballot when they subjectively determine that the signature on the ballot does not match the signature on file. The voter does not get any pre-rejection notice or an opportunity to be heard, or any opportunity for appeal. O.C.G.A. § 21-2-386(a)(1)(B)-(C). Another Georgia statute similarly requires the rejection of absentee ballot applications where there is an alleged signature mismatch without providing pre-rejection notice or an opportunity to be heard. O.C.G.A. § 21-2-381(b)(1)-(3). This is a violation of the Due Process Clause.

Given the urgency of the upcoming elections, and in response to these recent reports, Plaintiffs seek a temporary restraining order that:

1) immediately enjoins elections officials from rejecting any absentee ballots due to an alleged signature mismatch unless the voter is given pre-rejection notice, an opportunity to resolve the alleged signature discrepancy, such as by confirming identity by providing photo identification by e-mail, fax, mail, or in-person, and an opportunity to appeal, pursuant to the existing notice

and opportunity procedures for other absentee voters set forth in O.C.G.A. § 21-2-230(g). The voter should have the opportunity to do so within three days after Election Day or three days after they receive pre-rejection notice, whichever is later; with an opportunity to appeal;

2) also extends to absentee ballot applications that are rejected due to a signature mismatch, limited to the period of time during which absentee ballot applications may be filed; and

3) requires elections officials to provide pre-rejection notice within one day of the signature mismatch rejection decision for both ballot or ballot applications.

Injunctive relief need only be entered against the Secretary of State's Office, which has the power to issue guidance to all elections officials throughout the State. If this Court believes that to be insufficient, Plaintiffs request injunctive relief specifically against all county officials (Gwinnett County Board of Voter Registration & Elections and the putative defendant class of county officials they represent) responsible for implementing O.C.G.A. § 21-2-386(a)(1)(B)-(C) and O.C.G.A. § 21-2-381(b)(1). Courts may issue class-wide preliminary injunctive relief prior to class certification. *See, e.g., Strawser v. Strange*, 105 F. Supp. 3d 1323, 1330 (S.D. Ala. 2015) ("Courts in this District and others have previously

issued a preliminary injunction . . . even prior to fully certifying a class."); *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 433 (6th Cir. 2012) ("there is nothing improper about a preliminary injunction preceding a ruling on class certification."). Should this Court deem temporary class certification to be necessary, Plaintiffs submit that a defendant class should be temporarily certified for the reasons set forth in Paragraphs 41 to 45 of the Complaint.

                                              Respectfully submitted,

this 17th of October, 2018                      s/ Sean J. Young_____

                                              Sean J. Young (Ga. Bar No. 790399)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, GA 30357
770-303-8111 (phone)
770-303-0060 (fax)
syoung@acluga.org

Sophia Lin Lakin*
Dale E. Ho*
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York, NY 10004
212-519-7836 (phone)
slakin@aclu.org
dho@aclu.org

Attorneys for Plaintiffs

*Pro hac vice application forthcoming

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. On October 16, I e-mailed a copy of the Complaint to the general counsel for the Secretary of State's Office, Ryan Germany (rgermany@sos.ga.gov), as well as the head of the Law Department for Gwinnett County, William J. Linkous III (William.linkous@gwinnettcounty.com). Mr. Linkous replied by e-mail on October 16 discussing the possibility of waiver of service, thus confirming that he received the e-mail. Mr. Germany replied by e-mail on October 17 discussing the mechanics of formal service, thus confirming that he received the e-mail as well. An attorney from the State Attorney General's Office, Cris Correia (ccorreia@law.ga.gov), who was CC'd by Mr. Germany, also responded on October 17 asking that I e-mail a copy of the TRO papers to her as soon as I file them. I then hired a process server to formally serve the Complaint, the Motion for a Temporary Restraining Order and related filings on Defendants. Immediately upon filing this motion, I will e-mail a copy of the TRO papers to Mr. Germany, Ms. Correia, and Mr. Linkous, followed by a phone call to Ms. Correia and Mr. Linkous alerting them to the filing and the e-mail. I will also mail copies of the Complaint and TRO papers via same-day delivery or, if it is too late, next-day

delivery to Mr. Linkous at 75 Langley Drive, Lawrenceville, GA 30046 and to Ms. Correia at 40 Capitol Square SW, Atlanta, GA 30334.

Date: October 17, 2018

s/ Sean J. Young_____

Sean J. Young (Ga. Bar No. 790399)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, GA 30357
770-303-8111 (phone)
770-303-0060 (fax)
syoung@acluga.org