**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GEORGIA MUSLIM VOTER PROJECT, *et al.*, | |
| Plaintiffs, | Civil Action No.: 1:18-cv-04789-LMM |
| vs. | |
| BRIAN KEMP, *et al.*, | |
| Defendants. | |
| RHONDA J. MARTIN, et al., | |
| Plaintiffs, | |
| vs. | Civil Action No.: 1:18-cv-04776-LMM |
| BRIAN KEMP, *et al*. | |
| Defendants. | |

**DEFENDANTS GWINNETT COUNTY BOARD OF REGISTRATIONS
AND ELECTIONS AND ITS MEMBERS' OBJECTIONS TO FORM OF
PROPOSED INJUNCTION**

The Gwinnett BORE appreciates the Court's consideration of its underlying arguments about the relief sought by Plaintiffs and will not reiterate the issues already raised in this case. But the Gwinnett BORE has identified several areas where additional clarification of the Court's proposed injunction [Doc. 28] will greatly assist Gwinnett elections officials (and likely all local election officials)

1

and avoid confusion about the Court's direction, hopefully ensuring that voters across the state are not subjected to differing treatment than those in Gwinnett County.[1] These objections relate solely to the need for clarification of the proposed injunction.

## **INTRODUCTION**

The Court proposes to mirror two current statutory provisions and apply them to the category of provisional absentee ballots. [Doc. 28, pp. 29-30]. The statutory provisional ballot procedures are focused on voter eligibility. An election official already knows who the voter claims to be, but (1) needs to determine if he or she is properly registered, (2) needs to confirm his or her identity using a photo identification, or (3) needs to determine if the voter voted in the correct precinct prior to allowing the voter's ballot to be included in the vote totals. O.C.G.A. § 21-2-419. But the statutory voter challenge process in O.C.G.A. § 21-2-229 is not tied to balloting and thus has different procedures and deadlines.

---

[1] A Supplemental Declaration of Lynn Ledford is attached as Ex. A ("Supp. Ledford Dec.") to provide an evidentiary basis for the issues raised in this response to assist the Court. While the documents together exceed 10 pages, there is nothing in Director Ledford's Supplemental Declaration that is not already included in this response. Further, while the comments in this document are focused on issues for the Gwinnett BORE, they will likely apply to other election officials across the state.

Using the same procedures for provisional absentee ballot applications and ballots requires additional clarity about how to implement the Court's proposed order, especially given the tight timelines related to post-election certification, recounts, and election contests.

## I. Objections to Paragraph 1: Ballots.

### A. *Post-decision appeal rights.*

Under the Court's proposed injunction, a voter (1) whose ballot is rejected for a signature mismatch; (2) who is given a pre-rejection notice; and (3) still had his or her ballot rejected, is entitled to a hearing under the process for challenging the eligibility of voters contained in O.C.G.A. § 21-2-229(e). [Doc. 28, pp. 29-30]. This statutory process includes a petition to the superior court challenging the decision of the registrars and currently only applies to an allegedly invalid registration. *Id*. It is not used in the context of ballots or other election processes with deadlines as sensitive as the certification process. Without further clarification, Gwinnett election officials will not know how to implement this process in two primary areas.

First, they will need to know how to reconcile the ten-day period to file an appeal in superior court found in O.C.G.A. § 21-2-229(e) with the deadlines for certification. Supp. Ledford Dec. at ¶ 6. State law requires that final certification of

the vote totals must take place no later than 5:00 p.m. on the Monday following the election.[2] O.C.G.A. § 21-2-493(k). Those election officials will need direction about whether they are to delay certification of vote totals if there are ballots with rejected signature mismatches but the affected voters have not yet appealed the decision or if appeals are pending. Supp. Ledford Dec. at ¶ 6.

Second, if a superior court rules that an absentee ballot rejection was improper, the Gwinnett election officials will need to know how to handle reporting of vote totals. Supp. Ledford Dec. at ¶ 7. Are officials required to withhold or delay certification if the decisions being appealed under 229(e) could change the result of the election? If the superior court reverses a decision of the election superintendent, is a recertification of vote totals required as when an election recount or contest is decided or is that only necessary when the outcome would have changed? *See* O.C.G.A. §§ 21-2-493(*l*), 21-2-527(d). Clarification is needed because current statutory structures do not anticipate vote totals changing after certification except through a recount or election contest.

Given the difficulty of reconciling the O.C.G.A. § 21-2-229(e) challenge process—that was not designed for something as time-sensitive as ballots—with the certification timelines, the Gwinnett BORE would suggest that the 229(e)

---

[2] Because the Monday after the election is a state holiday, the actual certification date for 2018 is Tuesday.

appeal process not be used in this context. Instead, the process for review of rejections for signature mismatch should mirror the current provisional ballot verification process, which does not include a right to appeal to superior court. Thus, the Gwinnett BORE requests that the last sentence of the Court's proposed injunction in paragraph 1 be deleted. This process will provide much more clarity to election officials and avoid confusion about certification under processes that have never been applied to absentee signature mismatches after an election.

*B. Method and contents of pre-rejection notice.*

Local election officials will continue to receive ballots up to 7:00 p.m. on Election Day. For any ballots where the signature on the oath does not appear to match the application or registration, those officials would provide a pre-rejection notice. [Doc. 28 pp. 29-30].

The Gwinnett BORE needs clarification about how to provide the pre-rejection notice and what information that notice will need to convey to the voter. Supp. Ledford Dec. at ¶ 4. The Gwinnett BORE would recommend that only a mailed notice and no other methods should be required. Supp. Ledford Dec. at ¶ 10. After Election Day, election officials have numerous other tasks to perform and would have to divert time from those critical tasks to additional efforts to contact voters if other methods are required.

The Gwinnett BORE also needs clarification about how voters can resolve a signature mismatch. Supp. Ledford Dec. at ¶¶ 4-5. For a provisional ballot, the voter is able to show he or she has a valid photo identification or was otherwise properly registered to vote by the deadline. O.C.G.A. §§ 21-2-418 and 21-2-419. For registration or precinct issues specifically, the voter does not need to take any action because the determination is made by the registrars. *Id.*

If the same procedure is to be utilized here, then Court should give direction about the types of information that can be presented so that voters can be informed in the pre-rejection notice. Presenting a photo ID in person would clearly confirm the voter's identity, but the Court may intend for other methods of determining the identity of the voter who signed the absentee ballot oath.[3] Voters will also need to be informed about the methods of resolving a signature mismatch in the pre-rejection notice and will need to be given instructions about whether they can appear in person and, if so, when those opportunities must be made available.

## II. Objection to Paragraph 2: Applicants.

The Court's proposed process for dealing with signature mismatches on absentee ballot applications needs further clarification for scenarios where the

---

[3] While Plaintiffs suggest a phone call [Doc. 29, p. 1], this is hardly an effective method of verifying the identity of a voter and is not available in the provisional balloting process. Supp. Ledford Dec. at ¶ 5.

applicant returns the provisional absentee ballot, but the ballot oath signature still does not match other records. Supp. Ledford Dec. at ¶ 8. For example, how should officials handle a situation where a signature on a provisional absentee ballot matches the voter registration record, but not the application? Is that ballot to be accepted or rejected? Current law requires a match to the registration record, the application, and the ballot. If that is the Court's intention, the Court should add additional language clarifying that the signatures must still match across all three records or that the election superintendent is still satisfied that the same voter signed all three documents.

In addition, the Gwinnett BORE wants to ensure there are not future signature mismatch problems. Should election officials also update the nonconforming signature on a registration record with the signature on a ballot that is accepted? Or should the election officials provide a new voter registration form so the voter can update his or her signature? Supp. Ledford Dec. at ¶ 11.

### III. Objection to Paragraph 3: Class of voters.

As the Gwinnett BORE noted, their election employees are currently at their maximum capacity preparing for the election. Supp. Ledford Dec. at ¶ 9. While the Gwinnett BORE will devote resources to complying with the direction given by the Secretary of State based on the Court's proposed injunction, the effort of

reviewing past applications will take time with only nine days left for absentee ballots to go out, especially because prior to sending a provisional absentee ballot, officials must also determine if previously rejected applicants have voted by some other means.[4] Any limitation in the amount of time that elections officials have to devote to digging through past applications would greatly assist the work of election officials, such as a limitation to applying the process in paragraph 2 of the proposed injunction only to applications rejected for signature mismatch in the last 15 days of mail-in absentee balloting.

## CONCLUSION

The Gwinnett BORE appreciates the opportunity to seek clarification and object to the administrative difficulties before the proposed injunction is entered. When the issues raised in this response are clarified, the proposed injunction will be far less confusing for the Gwinnett BORE and its employees, and hopefully lead to more consistent treatment across the state by election superintendents.

I certify that this response has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

---

[4] As the Court noted, the number of *ballots* rejected for signature mismatch is only nine in Gwinnett County. The number of *applications* rejected due to signature mismatch is significantly higher.

Respectfully submitted this 25th day of October, 2018.

/s/ Bryan P. Tyson
Frank B. Strickland
Georgia Bar No. 687600
fbs@sbllaw.net
Anne W. Lewis
Georgia Bar No. 737490
awl@sbllaw.net
Bryan P. Tyson
Georgia Bar No. 515411
bpt@sbllaw.net
STRICKLAND BROCKINGTON
   LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, GA 30309
(678)347-2200

RICHARD A. CAROTHERS
Georgia Bar No. 111075
richard.carothers@carmitch.com
Brian R. Dempsey
Georgia Bar No. 217596
Brian.dempsey@carmitch.com
CAROTHERS & MITCHELL, LLC
1809 Buford Highway
Buford, GA 30518
(770) 932-3552

*Attorneys for the Gwinnett County Board of Registrations and Elections*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GEORGIA MUSLIM VOTER PROJECT, *et al.*,<br><br>     Plaintiffs,<br><br>vs.<br><br>BRIAN KEMP, *et al.*,<br><br>     Defendants. | Civil Action No.: 1:18-cv-04789-LMM |
| RHONDA J. MARTIN, et al.,<br><br>     Plaintiffs,<br><br>vs.<br><br>BRIAN KEMP, *et al*.<br><br>     Defendants. | Civil Action No.: 1:18-cv-04776-LMM |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing **DEFENDANTS GWINNETT COUNTY BOARD OF REGISTRATIONS AND ELECTIONS AND ITS MEMBERS' OBJECTIONS TO FORM OF PROPOSED INJUNCTION** with the Clerk of the Court using the CM/ECF

system which will automatically send email notification of such filing to the

following attorneys of record:

Bruce Brown

Richard Carothers

Cristina Correia

Brian Dempsey

Dale E. Ho

Sophia Lin Lakin

Anne W. Lewis

John Powers

Frank Strickland

Sean Young

This 25th day of October, 2018.

/s/ Bryan P. Tyson

Bryan P. Tyson

Georgia Bar No. 515411