IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA MUSLIM VOTER PROJECT, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BRIAN KEMP, in his official capacity as Secretary of State of Georgia, et al., <br><br> Defendants. | CA No. 1:18cv4789-LMM |
| RHONDA J. MARTIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN KEMP, et al., <br><br> Defendants. | CA No. 1:18cv4776-LMM |

### DEFENDANT[1] BRIAN KEMP'S OBJECTIONS TO FORM OF PROPOSED INJUNCTION

The Secretary shares the concerns that Gwinnett County has raised with respect to the implementation of the Court's proposed injunction, as stated in the

---

[1] The *Martin* Plaintiffs have brought this action against both the Secretary and the State Election Board. Since the Injunction is directed at the Secretary, these Objections are filed on behalf of Secretary Kemp.

1

Supplemental Declaration of Lynn Ledford.  In addition, the Secretary objects to the following aspects of the proposed injunction:

1. The hearing and appellate process included in the proposed injunction, is unworkable given the need to have votes counted and the election certified by the Monday after the election.  O.C.G.A. § 21-2-493(k).  The hearing and appellate process in O.C.G.A. § 21-2-229(e), designed to address challenges to the qualifications of voters for purposes of voter *registration*, was not designed with the election timeframe in mind.  Since the hearings contemplated by O.C.G.A. § 21-2-229 address registration issues, and not challenges to ballots, these hearings may occur at any time throughout the year and the timeframe established in the statute simply does not contemplate the need of election officials to have a final count of votes and certify an election.  Additionally, a more informal and manageable process, of allowing voters to simply provide proof of identification to the county election official, even if by faxing or emailing a copy of one's photo identification to election officials, along with an oath that they indeed executed the absentee ballot envelope, would be sufficient relief to the voter and cause less disruption to county election officials at a time when these officials are already working at maximum capacity.

2. The issuance of a provisional ballot to all absentee ballot applicants with a signature mismatch is problematic.  The provisional ballot is a mechanism created to address the problem of a voter who appears to vote at a polling place on the day of election, or during in person early voting, but *does not appear on the voter registration rolls*, does not have photo identification at the time of voting, or is voting outside of their polling place.  *See* O.C.G.A. §§ 21-2-418 and 21-2-419; and 52 U.S.C. § 21082(a).

3. Providing provisional ballots to voters that *do* appear on the registration rolls, and are therefore eligible to vote in person or by absentee mail, will require tagging those voters so that they may not vote twice.  Technical staff at the Secretary of State's Office have been trying to figure out how best to address the problems that may arise from using the provisional ballot in this manner.  *See* Supplemental Declaration of Chris Harvey ¶¶ 4-7.  At a minimum, however, a voter who is provided a provisional ballot, because of a signature mismatch on the absentee voter application, would not be eligible to receive a second absentee ballot application and a mail absentee ballot, as contemplated by O.C.G.A. § 21-2-381 and O.C.G.A. § 21-2-386.  This is in order to prevent a voter from casting two ballots.  Therefore, a

remedy currently available under state law would not be available for the remainder of the election period.

4. There is no appeals process for provisional ballot determinations. *See* O.C.G.A. § 21-2-419 and 21-2-417(c); 52 U.S.C. § 21082(a). Therefore, provisional ballots issued solely pursuant to this Court's Order, will have to be separated from other provisional ballots issued during the election.

5. Defendant submits that the language in paragraph 3 of the proposed injunction should more clearly state that the injunction is limited to ballots that would otherwise be rejected *solely* for a signature mismatch.

6. Defendant submits the Supplemental Declaration of Chris Harvey, Elections Director for the State of Georgia. Mr. Harvey's supplemental declaration provides further technical detail with respect to the difficulties of implementing injunctive relief in the form proposed by the Court.

## **CONCLUSION**

Defendant appreciates the opportunity to address the form of injunctive relief proposed by the Court and prays the Court reconsider the magnitude of any changes imposed to the state's current election structure.

        Respectfully submitted,

        CHRISTOPHER M. CARR
        Attorney General       112505

        ANNETTE M. COWART   191199
        Deputy Attorney General

        RUSSELL D. WILLARD   760280
        Senior Assistant Attorney General

        /s/ Cristina M. Correia
        CRISTINA M. CORREIA   188620
        Senior Assistant Attorney General

        ELIZABETH A. MONYAK   005745
        Senior Assistant Attorney General

        Attorneys for Secretary of State Brian Kemp

Please address all
Communication to:
CRISTINA CORREIA
Senior Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
ccorreia@law.ga.gov
404-656-7063
404-651-9325

## Certificate of Compliance

I hereby certify that the forgoing Objections to Proposed Injunction were prepared in 14-point Times New Roman in compliance with Local Rules 5.1(C) and 7.1(D).

## Certificate of Service

I hereby certify that on October 25, 2018, I electronically filed these Objections to Proposed Injunction with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Sean J. Young
ACLU Foundation of Georgia, Inc.
P.O. Box 77208
Atlanta, GA  30357

Dale E. Ho
ACLU
125 Broad Street, 18th Floor
New York, NY  10004

Brian R. Dempsey
Richard A. Carothers
Carothers & Mitchell, LLC
1809 Buford Highway
Buford, GA  30518

Bryan P. Tyson
Frank Strickland
Strickland Brockington Lewis, LLP
1170 Peachtree Street, Ne Suite 2200, Midtown Prosceium
Atlanta, GA  30309-7200

Bruce P. Brown
Bruce P. Brown Law
Suite 6
1123 Zonolite Road, Ne
Atlanta, GA  30306

John Powers
Lawyers' Committee for Civil Rights
   Under Law
1401 New York Avenue, Suite 400
Washington, DC  20005

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  NONE

This 25th day of October, 2018.

/s/Cristina Correia
Cristina Correia            188620
Senior Assistant Attorney General
40 Capitol Square SW
Atlanta, GA  30334
ccorreia@law.ga.gov
404-656-7063
404-651-9325