# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

GEORGIA MUSLIM VOTER
PROJECT, ASIAN-AMERICANS
ADVANCING JUSTICE-ATLANTA,
and BETTY J. JONES, on behalf of
herself and all others similarly situated,

     Plaintiffs,

v.

ROBYN CRITTENDEN, in her
official capacity as the Secretary of
State of Georgia; and GWINNETT
COUNTY BOARD OF VOTER
REGISTRATION AND ELECTIONS,
on behalf of itself and all others
similarly situated,

     Defendants.

Civil Action No.: 1:18-cv-04789-LMM

## DEFENDANT GWINNETT BOARD OF REGISTRATIONS AND ELECTIONS' ANSWER TO FIRST AMENDED COMPLAINT

### General Defenses

### First Defense

Plaintiffs' First Amended Complaint (the "Complaint") fails, in whole or in part, to state a claim upon which relief may be granted.

**Second Defense**

Defendant Gwinnett County Board of Registrations and Elections

("Gwinnett BORE") denies that Plaintiffs have been subjected to the deprivation of

any right, privilege, or immunities under the Constitution or laws of the United

States.

**Third Defense**

Plaintiffs' Complaint fails to name parties necessary for the relief they seek.

**Fourth Defense**

Plaintiffs lack standing to assert the claims contained in their Complaint.

**Specific Responses**

For its Answer to the First Amended Complaint, Defendant Gwinnett BORE

states as follows:

**THE NATURE OF THE CASE**

1. Paragraph 1 of the Complaint contains legal argument and introductory

   language that does not require a response. To the extent a response is

   required, Defendant Gwinnett BORE states that it implements the state

   statutes regarding signature matching as they are written and denies the

   remaining allegations contained in Paragraph 1.

2.  Paragraph 2 of the Complaint contains legal argument that does not
    require a response. To the extent a response is required, Defendant
    Gwinnett BORE states that the cited statutes and regulations speak for
    themselves and denies the remaining allegations contained in Paragraph
    2.

3.  Paragraph 3 of the Complaint contains legal argument that does not
    require a response. To the extent a response is required, Defendant
    Gwinnett BORE states that the cited statute speaks for itself.

4.  In response to Paragraph 4 of the Complaint, Defendant Gwinnett BORE
    states that a person's signature may vary, but Defendant Gwinnett BORE
    is without knowledge of information sufficient to form a belief as to the
    truth of the remaining allegations of Paragraph 4 and therefore denies the
    same.

5.  In response to Paragraph 5 of the Complaint, Defendant Gwinnett BORE
    is without knowledge of information sufficient to form a belief as to the
    truth of the allegations and therefore denies the same. Defendant
    Gwinnett BORE denies that it is improperly applying the relevant
    statutes regarding signature matching for absentee ballots and
    applications.

6.  In response to Paragraph 6 of the Complaint, Defendant Gwinnett BORE admits the allegations therein.

7.  Paragraph 7 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE states that the cited statutes speak for themselves, denies that the cited statutes are all voters "in similar circumstances" to absentee-ballot voters, and denies the remaining allegations contained in Paragraph 7.

8.  Paragraph 8 of the Complaint contains legal argument that does not require a response. Defendant Gwinnett BORE admits that Paragraph 8 contains a description of the relief sought by Plaintiffs but denies that Plaintiffs are entitled to any relief and denies the remaining allegations of Paragraph 8.

9.  Paragraph 9 of the Complaint contains legal argument that does not require a response. Defendant Gwinnett BORE admits that Paragraph 9 contains a description of the relief sought by Plaintiffs but denies that Plaintiffs are entitled to any relief and denies the remaining allegations of Paragraph 9.

**JURISDICTION AND VENUE**

10. In response to Paragraph 10 of the Complaint, Defendant Gwinnett BORE admits the allegations therein.

11. In response to Paragraph 11 of the Complaint, Defendant Gwinnett BORE admits that venue is proper in this Court and that it is located in this district and division. Defendant Gwinnett BORE denies the remaining allegations of Paragraph 11.

**PARTIES**

12. In response to Paragraph 12 of the Complaint, Defendant Gwinnett BORE is without knowledge of information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

13. In response to Paragraph 13 of the Complaint, Defendant Gwinnett BORE is without knowledge of information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

14. In response to Paragraph 14 of the Complaint, Defendant Gwinnett BORE is without knowledge of information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

15. In response to Paragraph 15 of the Complaint, Defendant Gwinnett BORE states that Robyn Crittenden is the Secretary of State and that the

Secretary of State issues guidance to election superintendents. Defendant Gwinnett BORE denies the remaining allegations of Paragraph 15.

16. In response to Paragraph 16 of the Complaint, Defendant Gwinnett BORE admits that it is the election superintendent and board of registrars for Gwinnett County and that it has responsibilities outlined in various statutes, not all of which are cited in Paragraph 16. Defendant Gwinnett BORE is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Footnote 1 and therefore denies the same. Defendant Gwinnett BORE denies the remaining allegations of Paragraph 16 and denies that it is an appropriate class representative.

## FACTUAL ALLEGATIONS

17. In response to Paragraph 17 of the Complaint, Defendant Gwinnett BORE admits that the right to vote is a sacred right and states that the cited case speaks for itself. Defendant Gwinnett BORE denies the remaining allegations of Paragraph 17.

### Reasons Signatures Often Do Not Match

18. In response to Paragraph 18 of the Complaint, Defendant Gwinnett BORE admits that a person's signature can vary, but is without

knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and therefore denies the same.

19. In response to Paragraph 19 of the Complaint, Defendant Gwinnett BORE is without knowledge of information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Defendant Gwinnett BORE denies that it is improperly applying the relevant statutes regarding signature matching for absentee ballots and applications.

**Signature Matching: Absentee Ballot Application Stage**

20. In response to Paragraph 20 of the Complaint, Defendant Gwinnett BORE admits the allegations therein.

21. In response to Paragraph 21 of the Complaint, Defendant Gwinnett BORE admits that the paragraph summarizes part of the process for applying for an absentee ballot application but further states that the statutes speak for themselves.

22. In response to Paragraph 22 of the Complaint, Defendant Gwinnett BORE admits that the paragraph summarizes part of the process for

processing an absentee ballot application but further states that the statutes speak for themselves.

23. In response to Paragraph 23 of the Complaint, Defendant Gwinnett BORE admits that the paragraph accurately quotes the statute but further states the statute speaks for itself.

24. In response to Paragraph 24 of the Complaint, Defendant Gwinnett BORE admits that there is no statutory process for pre-rejection notice or an opportunity to be heard regarding a signature mismatch.

25. In response to Paragraph 25 of the Complaint, Defendant Gwinnett BORE admits that voters can apply for a second absentee ballot after being rejected but denies the remaining allegations of Paragraph 25.

26. In response to Paragraph 26 of the Complaint, Defendant Gwinnett BORE admits that it rejected absentee ballot applications in the 2018 general election, but is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

27. In response to Paragraph 27 of the Complaint, Defendant Gwinnett BORE admits that the paragraph accurately summarizes part of the

absentee ballot application processing statutes and further states that the
statutes speak for themselves.

**Signature Matching: Absentee Ballot Stage**

28. In response to Paragraph 28 of the Complaint, Defendant Gwinnett
BORE admits that the paragraph accurately summarizes part of the
absentee ballot processing statutes and further states that the statutes
speak for themselves.

29. In response to Paragraph 29 of the Complaint, Defendant Gwinnett
BORE admits that the paragraph accurately summarizes part of the
absentee ballot processing statutes and further states that the statutes
speak for themselves.

30. In response to Paragraph 30 of the Complaint, Defendant Gwinnett
BORE admits the allegations therein.

31. In response to Paragraph 31 of the Complaint, Defendant Gwinnett
BORE admits that the paragraph accurately summarizes part of the
absentee ballot processing statutes and further states that the statutes
speak for themselves.

32. In response to Paragraph 32 of the Complaint, Defendant Gwinnett
BORE admits that there is no statutory process for contesting a

registrar's rejection in the Election Code, but denies that there is no additional review and that a voter has no remedy. Defendant Gwinnett BORE denies the remaining allegations of Paragraph 32.

33. In response to Paragraph 33 of the Complaint, Defendant Gwinnett BORE admits that there is no time limit in the statute for processing absentee ballots, and further states that Defendant Gwinnett BORE processes absentee ballots within three business days. Defendant Gwinnett BORE further states that the statutes speak for themselves and denies the remaining allegations of Paragraph 33.

34. In response to Paragraph 34 of the Complaint, Defendant Gwinnett BORE admits it rejected absentee ballots during the 2018 general election, but is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

**Elections Officials Are Not Handwriting Experts**

35. In response to Paragraph 35 of the Complaint, Defendant Gwinnett BORE admits that no handwriting-analysis education or training is required by statute or regulation for election officials. Defendant Gwinnett BORE denies the remaining allegations of Paragraph 35.

36. In response to Paragraph 36 of the Complaint, Defendant Gwinnett
    BORE admits that the statutes requiring signature-matching for absentee
    ballot applications and absentee ballots contain no guidance about their
    application. Defendant Gwinnett BORE denies the remaining allegations
    of Paragraph 36.

37. In response to Paragraph 37 of the Complaint, Defendant Gwinnett
    BORE admits the allegations therein.

**Other Voters are Provided Due Process**

38. In response to Paragraph 38 of the Complaint, Defendant Gwinnett
    BORE admits that the Election Code provides processes for voters in a
    variety of situations. Defendant Gwinnett BORE denies the remaining
    allegations of Paragraph 38.

39. In response to Paragraph 39 of the Complaint, Defendant Gwinnett
    BORE admits that the paragraph accurately summaries the challenged
    ballot procedures contained in the cited statute.

40. In response to Paragraph 40 of the Complaint, Defendant Gwinnett
    BORE admits that the paragraph accurately summarizes the options
    available to voters who cast a provisional ballot because they do not
    present photo identification when voting.

41. Paragraph 41 of the Complaint contains legal argument that does not require a response. Defendant Gwinnett BORE admits that Paragraph 41 contains a description of the relief sought by Plaintiffs but denies that Plaintiffs are entitled to any relief and denies the remaining allegations of Paragraph 41.

**Plaintiff Class Action Allegations**

42. Paragraph 42 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE denies the allegations contained in Paragraph 42.

43. Paragraph 43 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE denies the allegations contained in Paragraph 43. Defendant Gwinnett BORE further states that Plaintiff Jones is not a resident of Gwinnett County.

44. Paragraph 44 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE denies the allegations contained in Paragraph 44.

45. Paragraph 45 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant

Gwinnett BORE states that the Federal Rules of Civil Procedure speak for themselves and denies the allegations contained in Paragraph 45.

46. Paragraph 46 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE states that the Federal Rules of Civil Procedure speak for themselves and denies the allegations contained in Paragraph 46.

**Defendant Class Action Allegations**

47. In response to Paragraph 47 of the Complaint, Defendant Gwinnett BORE states that it takes guidance from the Secretary of State into account when implementing the statutory processes related to elections. Defendant Gwinnett BORE denies the remaining allegations of Paragraph 47.

48. Paragraph 48 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE states that the Federal Rules of Civil Procedure speak for themselves and denies the allegations contained in Paragraph 48. Defendant Gwinnett BORE further specifically denies that it is an appropriate class representative for a defendant class.

49. Paragraph 49 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE denies the allegations contained in Paragraph 49. Defendant Gwinnett BORE further specifically denies that all county boards of registrars share common defenses, that its claims will be typical of other boards, and that it can serve as an adequate class representative.

50. Paragraph 50 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE states that the Federal Rules of Civil Procedure speak for themselves and denies the allegations contained in Paragraph 50.

51. Paragraph 51 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE states that the Federal Rules of Civil Procedure speak for themselves and denies the allegations contained in Paragraph 51.

## CAUSES OF ACTION

## COUNT ONE

52. No response is required to Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions to which no response is required. Defendant Gwinnett BORE further states that the Fourteenth Amendment speaks for itself.

54. In response to Paragraph 54 of the Complaint, Defendant Gwinnett BORE denies the allegations therein.

55. Paragraph 55 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE states that the cited statutes speak for themselves, denies that the cited statutes are all voters "in similar circumstances" to absentee-ballot voters, and denies the remaining allegations contained in Paragraph 55.

56. In response to Paragraph 56 of the Complaint, Defendant Gwinnett BORE denies the allegations therein.

57. Paragraph 57 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Gwinnett BORE denies the allegations of Paragraph 57.

## COUNT TWO

58. No response is required to Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains legal conclusions to which no response is required. Defendant Gwinnett BORE further states that the Fourteenth Amendment speaks for itself.

60. In response to Paragraph 60 of the Complaint, Defendant Gwinnett BORE denies the allegations therein.

61. Paragraph 61 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE states that the cited statutes speak for themselves, denies that the cited statutes apply to voters "in similar circumstances" to absentee-ballot voters, and denies the remaining allegations contained in Paragraph 61.

62. In response to Paragraph 62 of the Complaint, Defendant Gwinnett BORE denies the allegations therein.

63. Paragraph 63 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Gwinnett BORE denies the allegations of Paragraph 63.

## COUNT THREE

64. No response is required to Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains legal conclusions to which no response is required. Defendant Gwinnett BORE further states that the Fourteenth Amendment and the cited cases speak themselves.

66. In response to Paragraph 66 of the Complaint, Defendant Gwinnett BORE denies the allegations therein.

67. In response to Paragraph 67 of the Complaint, Defendant Gwinnett BORE denies the allegations therein.

68. In response to Paragraph 68 of the Complaint, Defendant Gwinnett BORE denies the allegations therein.

69. Paragraph 69 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant Gwinnett BORE states that the cited statutes speak for themselves, denies that the cited statutes apply to  voters "in similar circumstances" to absentee-ballot voters, and denies the remaining allegations contained in Paragraph 69.

70. In response to Paragraph 70 of the Complaint, Defendant Gwinnett BORE denies the allegations therein.

## RESPONSE TO PRAYER FOR RELIEF

Defendant Gwinnett BORE denies that Plaintiffs are entitled to any or all of the requested relief. All other factual averments, legal conclusions or claims for relief not expressly admitted are denied.

WHEREFORE, having answered Plaintiffs' First Amended Complaint and stated defenses and objections, Defendant Gwinnett BORE respectfully requests that Plaintiffs' claims be dismissed, Plaintiffs' prayers for relief be denied in each and every particular with all costs taxed to Plaintiffs, and Defendant Gwinnett BORE be granted such other relief as this Court may deem just and proper.

I certify that this Answer has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 13th day of December, 2018.

/s/ Bryan P. Tyson
Frank B. Strickland
Georgia Bar No. 687600
fbs@sbllaw.net
Bryan P. Tyson
Georgia Bar No. 515411
bpt@sbllaw.net
Anne W. Lewis
Georgia Bar No. 737490
awl@sbllaw.net

STRICKLAND BROCKINGTON
  LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, GA 30309
(678) 347-2200

Richard A. Carothers
Georgia Bar No. 111075
richard.carothers@carmitch.com
Brian R. Dempsey
Georgia Bar No. 217596
Brian.dempsey@carmitch.com
CAROTHERS & MITCHELL, LLC
1809 Buford Highway
Buford, GA 30518
(770) 932-3552

*Attorneys for the Gwinnett County Board of*
*Registrations and Elections*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the within and foregoing

**DEFENDANT GWINNETT BOARD OF REGISTRATIONS AND**

**ELECTIONS' ANSWER TO FIRST AMENDED COMPLAINT** with the

Clerk of Court using the CM/ECF system, which automatically sent counsel of

record e-mail notification of such filing.

This 13th day of December, 2018.

<u>/s/ Bryan P. Tyson</u>
Bryan P. Tyson
Georgia Bar No. 515411