IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ALTANTA DIVISION

| | |
|---|---|
| GEORGIA MUSLIM VOTER PROJECT, et al., | \* <br> \* <br> \* |
| Plaintiffs, | \* CA No. 1:18cv4789-LMM <br> \* |
| vs. | \* <br> \* |
| BRAD RAFFENSPERGER[1], in his official capacity as Secretary of State of the State of Georgia, et al., | \* <br> \* <br> \* <br> \* |
| Defendant. | \* <br> \* |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case**

    **(a)    Describe briefly the nature of this action.**

This case is a lawsuit filed by two organizational plaintiffs and one individual plaintiff challenging two Georgia statutes, O.C.G.A. § 21-2-386 and O.C.G.A. § 21-2-381, on grounds that they violate plaintiffs' rights to procedural due process and equal protection under the Fourteenth Amendment of the United States Constitution.  Plaintiffs contend that the statutes violate procedural process by not providing plaintiffs with "pre-rejection notice and an opportunity to be heard" [First Amended Complaint,

---

[1] Brad Raffensperger was sworn in as Secretary of State on January 14, 2019.  He is automatically substituted as Defendant per operation of Rule 25(d).

1

¶¶ 54, 60] when county election officials reject absentee ballot applications or returned absentee ballots for a signature mismatch based on a comparison of the signature on the application or ballot with the signature on file with the voter registration records.  Plaintiffs' equal protection claim contends that because of this asserted lack of procedure, voters who vote by absentee ballot face an undue burden that is not justified by the government's interests.

**(b)    Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

Plaintiffs contend that this lawsuit is a facial and as-applied constitutional challenge to two statutes (and their sub-parts).  The Defendants contend that this lawsuit is a facial challenge and not an as-applied challenge because Plaintiffs have not identified a voter to whom these statutes have been unconstitutionally applied.  Resolution of the facial challenge turns largely on legal and not factual issues, because of Plaintiffs' contention that the statutes are unconstitutional on their face and would be unlawful under any factual scenario. Resolution of the as-applied challenge with respect to Plaintiff Betty J. Jones and the putative class would turn on both legal and factual issues.  Defendants contend Plaintiff Betty J. Jones lacks standing to bring an as applied challenge.

With regard to the procedural facts relevant to this case, on October 25, 2018, this Court issued a preliminary injunction, which barred elections officials from rejecting absentee ballots in the November 2018 election on grounds of signature mismatch.[2]  The Order required that in cases where elections officials perceived a signature mismatch on a returned ballot, the ballot must be treated as a provisional ballot, and in cases of perceived signature mismatch with regard to an application for an absentee ballot, the Order required that voters be sent a provisional ballot.  The Order also required elections officials to send pre-rejection notices, provide an opportunity to be heard, and authorized judicial appeals of any absentee ballot rejection in accordance with the procedures for rejections of absentee ballots set forth in O.C.G.A. § 21-2-229(e) for absentee ballots rejected on grounds of voter qualifications. *See* Doc. No. 32.

**(c)    The legal issues to be tried are as follows:**

1. Whether O.C.G.A. §§ 21-2-386(a)(1)(B), 21-2-386(a)(1)(C), 21-2-381(b)(1), 21-2-381(b)(2), and 21-2-381(b)(3) are facially unconstitutional?

---

[2] Plaintiffs contend that the TRO remains in effect during the pendency of this litigation.  Defendants contend that the TRO on its face is limited to the November, 2018 election cycle, including the Dec. 4, 2018 run-off.

2. Whether O.C.G.A. §§ 21-2-386(a)(1)(B), 21-2-386(a)(1)(C), 21-2-381(b)(1), 21-2-381(b)(2), and 21-2-381(b)(3) are unconstitutional as applied to Plaintiff Betty J. Jones and the putative plaintiff class of absentee voters unable to cure the rejection of their absentee ballot or application due to a signature mismatch by voting in-person?

3. Whether a putative plaintiff class of absentee voters unable to cure the rejection of their absentee ballot or application due to a signature mismatch by voting in-person should be certified? [First Amended Complaint, ¶¶ 42-46.]

4. Whether a putative defendant class of all 159 Georgia county boards of registrars should be certified? [First Amended Complaint, ¶¶ 47-51.]

5. Whether Plaintiffs have standing to bring this action?

6. Whether the Secretary of State is authorized to direct county election superintendents to accept or reject: 1) an application for an absentee ballot; or 2) a returned absentee ballot?

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: Martin, et al. v. Crittenden, et al., Civil Action No. 1:18-CV-04776-LMM;

(2) Previously Adjudicated Related Cases: None.

**2.      This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties

\_\_\_\_\_ (2) Unusually large number of claims or defenses

\_\_\_\_\_ (3) Factual issues are exceptionally complex

\_\_\_\_\_ (4) Greater than normal volume of evidence

\_\_\_\_\_ (5) Extended discovery period is needed

\_\_\_\_\_ (6) Problems locating or preserving evidence

\_\_\_\_\_ (7) Pending parallel investigations or action by government

\_\_\_\_\_ (8) Multiple use of experts

\_\_\_\_\_ (9) Need for discovery outside United States boundaries

\_\_\_\_ (10) Existence of highly technical issues and proof

\_\_\_\_\_(11) Unusually complex discovery of electronically stored information

This case is not complex as currently pled.  However, the Defendants' position is that to the extent that Plaintiffs seek injunctive relief directed against all county election superintendents and/or if Plaintiffs move for certification of a class action (as alluded to in the First Amended Complaint at ¶¶ 42-51, then in that event, the litigation would become more complex by virtue of an unusually large number of parties (criteria #1, above).  The Plaintiffs' position is that it would be complex only to the extent that

5

unnamed class members are considered "parties" with respect to the "large number of parties" criteria.

**3.** **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:

Sean J. Young, lead counsel for Plaintiffs;

State Defendant Secretary of State Robyn Crittenden:

Cristina M. Correia, lead counsel for the State Defendant.

Gwinnett County Board of Voter Registration and Elections:

Bryan Tyson, lead counsel for the County Defendants.

**4.** **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_X__Yes

____ No

The Defendants assert that standing is lacking.

**5.** **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

To the extent that Plaintiffs seek injunctive relief against any counties other than Gwinnett County, the State Defendant's position is that election superintendents from those other Georgia counties would be necessary parties. Plaintiffs' position is that injunctive relief against any county board of registrars is unnecessary because such relief may be directed solely towards the Secretary of State, but to the extent this Court finds that

injunctive relief against the counties is necessary, then Plaintiffs agree that election superintendents from other Georgia counties would be necessary parties, and further contend that a defendant class of such counties would need to be certified in that scenario.

    (b)    The following persons are improperly joined as parties:

        None.

    (c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

        None.

    (d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## 6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

    (a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

        None known at this time.

    (b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

The Parties will exchange initial disclosures on February 14, 2019.

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference with the Court at this time.

## 10. Discovery Period

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The

track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties may seek discovery on the following:

1. The procedures governing processing of returned absentee ballots and the applications for absentee ballots;

2. The number of absentee ballots and applications for absentee ballots that were rejected in Gwinnett County and other Georgia counties and the basis for the rejection of such ballots;

3. The burdens placed upon voters whose absentee ballots or applications were rejected due to a signature mismatch.

The parties believe that discovery can be completed within four months but request a thirty (30) day stay of discovery, until Feb. 14, 2019, to allow the Georgia Legislature an opportunity to address a legislative change to the challenged statutes. The parties believe a thirty (30) day delay in the commencement of discovery will be sufficient for the parties to assess whether a legislative fix is likely, and if not, whether the parties can otherwise resolve the litigation.

**11.   Discovery Limitation and Discovery of Electronically Stored Information**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The Parties request a thirty (30) days stay of discovery, but do not otherwise request any change to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rules of this Court.

(b) Is any party seeking discovery of electronically stored information?
\_\_\_\_X\_\_\_\_ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

> The parties have agreed to work together to reach agreement regarding E-discovery. If they are unable to agree, the parties will request a conference on the issue.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

> In most circumstances, the electronically stored data will be exchanged in commonly used formats such as Excel spreadsheets, PDFs, Word and common video or audio files. To the extent that files to be exchanged are in less commonly used formats, the Parties will meet and confer about the best means for producing the data.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

> The Parties request that the Court enter a Scheduling Order containing the following proposed deadlines:

| Event | Deadline |
| --- | --- |
| Discovery Period | February 14, 2019 – June 14, 2019 |
| Plaintiffs' Expert Disclosures | April 3, 2019 |
| Defendant's Expert Disclosures | May 3, 2019 |
| Plaintiffs' Rebuttal Expert Disclosures | May 17, 2019 |
| Close of Discovery | June 14, 2019 |
| Dispositive motions (filed) | July 15, 2019 |
| Dispositive motions (response) | August 12, 2019 |

| | |
|---|---|
| Dispositive motions (reply) | August 26, 2019 |
| Last Day for Daubert Motions | On last day to submit pretrial order |
| Last Day to submit pretrial Order | 30 days after entry of the Court's ruling on summary judgment. |
| Trial | TBA |

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 7, 2019, and that they participated in settlement discussions.

Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiffs**: Lead counsel (signature): /s/ *Sean Young*

Other participants: None

**For State Defendants**: Lead counsel (signature): /s/ *Cristina M. Correia*

Other participants: Elizabeth Monyak

**For Gwinnett County Board of Voter Registration and Elections**: Lead Counsel (signature): */s/Bryan Tyson*

Other participants: None

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___X___) A possibility of settlement before discovery.

(_____) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed. (_____) No possibility of settlement.

(c) Counsel (___X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of

discovery. The proposed date of the next settlement conference is <u>before Feb. 14, 2019</u>.

(d) The following specific problems have created a hindrance to settlement of this case:

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court

Respectfully submitted,

| By: */s/ Sean J. Young*<br>Sean J. Young 790399<br>**American Civil Liberties Union Foundation of Georgia, Inc.**<br>P.O. Box 77208<br>Atlanta, Georgia 30357<br>Telephone: 770-303-8111<br>Facsimile: 770-303-0060<br>Email: syoung@acluga.org<br><br>Sophia Lin Lakin (admitted *pro hac vice*)<br>Dale E. Ho (admitted *pro hac vice*)<br>**American Civil Liberties Union**<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Telephone: 212-519-7836<br>Email: slakin@aclu.org<br>Email: dho@aclu.org | By: */s/ Cristina M. Correia*<br>Christopher M. Carr 112505<br>Attorney General<br><br>Annette M. Cowart 191199<br>Deputy Attorney General<br><br>Russell D. Willard 760280<br>Senior Assistant Attorney General<br><br>Cristina Correia 188620<br>Senior Assistant Attorney General<br><br>Elizabeth Monyak 005745<br>Senior Assistant Attorney General |

| | |
|---|---|
| *Attorneys for Plaintiffs* | 40 Capitol Square SW<br>Atlanta, GA 30334<br>ccorriea@law.ga.gov<br>404-656-7063<br>404-651-9325<br><br>*Attorneys for State Defendant*<br><br>By: */s/Bryan P. Tyson*<br>**Strickland Brockington Lewis, LLP**<br>Midtown Proscenium<br>Suite 2200<br>1170 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>(678) 347-2200<br><br>*Attorneys for Gwinnett County Defendants* |

\* \* \* \* \* \* \* \* \* \* \* \*

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

| **Event** | **Deadline** |
|---|---|
| Discovery Period | February 14, 2019 – June 14, 2019 |

| | |
|---|---|
| Plaintiffs' Expert Disclosures | April 3, 2019 |
| Defendant's Expert Disclosures | May 3, 2019 |
| Plaintiffs' Rebuttal Expert Disclosures | May 17, 2019 |
| Close of Discovery | June 14, 2019 |
| Dispositive motions (filed) | July 15, 2019 |
| Dispositive motions (response) | August 12, 2019 |
| Dispositive motions (reply) | August 26, 2019 |
| Last Day for Daubert Motions | On last day to submit pretrial order |
| Last Day to submit pretrial Order | 30 days after entry of the Court's ruling on summary judgment. |
| Trial | TBA |

IT IS SO ORDERED, this _____ day of

_____, 2019.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE